**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Raleigh Area Office**
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
(984) 275-4800
Website: www.eeoc.gov

# NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

12/11/2024

**To:** The University of North Carolina-Chapel Hill
123 W. Franklin Street    Suite 600A
Chapel Hill, NC 27599

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Larry Chavis under: Title VII of the Civil Rights Act of 1964 (Title VII). The circumstances of the alleged discrimination are based on National Origin, Race, Retaliation, and involve issues of Wages/Compensation, Retaliation, Harassment, Discharge that are alleged to have occurred on or about 06/10/2024.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access the EEOC's secured online system at https://arc.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 433-2025-00761
3. Enter this password: 4AT5FlR3

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC, including a position statement. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC's administrative process.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to Raleigh@eeoc.gov.

## Preservation of Records Requirement When a Charge has Been Filed

The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see https://www.eeoc.gov/employers/recordkeeping-requirements.

## Non-Retaliation Requirements

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify the EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

## Legal Representation

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.



# U.S. Equal Employment Opportunity Commission

# FEDERAL INVESTIGATION: REQUEST FOR POSITION STATEMENT AND SUPPORTING DOCUMENTARY EVIDENCE

The EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for the EEOC's consideration of the Charging Party's allegations and any defenses you decide to raise.

We recommend you review the EEOC's resource guide on "[Effective Position Statements](#)" as you prepare your response to this request.

**Fact-Based Position Statement**

This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC's administrative process.

The EEOC also requests that you submit all evidence, including documents, that you believe is responsive to the allegations of the charge or supports any defenses you have raised. If you submit only arguments, unsupported by evidence, the EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

The EEOC may release your position statement and non-confidential attachments to the Charging Party and their representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts and any defenses you have asserted. The EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

**Signed by an Authorized Representative**

The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

**Segregate Confidential Information into Separately Designated Attachments**

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to the EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information, except the Charging Party's medical information
b. Social Security Numbers
c. Confidential commercial or financial information
d. Trade secrets information
e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.
f. Any reference to charges filed against the Respondent by other charging parties

**Requests for an Extension**

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

**Upload the Position Statement and Attachments into the Respondent Portal**

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted,

you will not be able to retract it via the Portal.