# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# 1:24-CV-805

| | |
|---|---|
| Larry Chavis,<br><br>    Plaintiff,<br><br>v.<br><br>The University of North Carolina-Chapel Hill and MARY MARGARET FRANK, in her Individual Capacity,<br><br>    Defendants. | **JOINT RULE 26(f) REPORT** |

Pursuant to Fed. R. Civ. P. 26(f), counsel for the Plaintiff, Artur Davis and Sunny Panyanouvong, HKM Employment Attorneys, LLP and Defense Counsel, Jeremy D. Lindsley, Assistant Attorney General, NC Department of Justice, conferred and have agreed to the following:

I.    Initial Disclosures

    The Court set a date of May 30, 2025 for the Parties' initial disclosures.

II.    Joint Report and Plan

    A.    Nature and Complexity of the Case: This case arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*., and 42 U.S.C. §§ 1981 and 1983. This case should be considered complex due to the large volume of documents anticipated in discovery and the number of potential witnesses who may need to be deposed.

B. Discovery Plan:

The parties propose the following discovery plan:

1. Discovery will be needed on all aspects of the case, including but not limited to the allegations and claims asserted by Plaintiff and all denials and defenses asserted by Defendants.

2. There is no need for discovery to be conducted in phases or limited to particular issues. This statement does not waive any objection that a Party may have to a specific discovery request.

3. The Parties agree to the following categories of discovery and limitations:

    a) A maximum of twenty-five (25) Interrogatories, including subparts, by each Party to any other Party;

    b) A maximum of twenty-five (25) Requests for Admission by each Party to any other Party;

    c) A maximum of ten (7 Depositions by each Party, exclusive of expert witnesses;

    d) A maximum of one (1) expert Deposition by each party.

    e) Each Deposition will be limited to a maximum of seven (7) hours, unless extended by agreement of the Parties or by Order of the Court.

2

4. The Parties will preserve information or materials, including electronically stored information, that a party reasonably should know may be relevant to this litigation or as may be otherwise agreed. Production of electronically stored information shall be produced in such manner that ensures that the integrity of the information maintains its integrity and is reasonably usable by the requesting party. If the information is reasonably usable in the form in which it is ordinarily maintained, then it shall be produced in the form in which it is ordinarily maintained. Should issues of reasonable accessibility, undue burden and cost, and good cause arise with respect to recovery of electronically stored information, the parties will negotiate regarding these issues but reserve the right to seek a judicial resolution by filing a motion to compel or a motion for a protective order.

5. Privileged and Confidential Information:

   a) In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege. The Parties agree that an inadvertent production of privileged or trial-preparation materials (absent a clear written statement of intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure

3

promptly identifies any such document(s) mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event a dispute over the production of any privileged materials develops, a log shall be made specifically identifying all said information. In the event that the use or further disclosure of any privileged materials develops during this action, the receiving Party must sequester all copies of said information and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

b) Confidential Information: The parties have discussed certain issues relating to the disclosure of documents and information which may be confidential and/or protected from disclosure by law, such that said information may only be produced by order of the Court. The Parties agree that they will file a mutually agreeable protective order pursuant to Fed. R. Civ. P. 26(c) prior to the disclosure of any confidential information. The Parties reserve the right to move for a Protective Order with regard to the production of any confidential information in the

4

event that the Parties are not able to agree on a consent protective order.

    c) Filing documents under seal (LR 5.4 and 5.5)
The parties have discussed the potential need for filing certain documents under seal. In the event that a protective order is not filed pursuant to the preceding subsection that includes a provision for applicable procedures for the filing of documents under seal, the Parties agree to follow the default procedures set forth in LR 5.4(c).

C. Proposed Deadlines:

1. The Parties propose that all discovery, including expert discovery, shall be completed by December 15, 2025.

2. Disclosure of expert witnesses by the Plaintiff and reports thereof pursuant to Rule 26(a)(2) shall be due by October 15, 2025.

3. Disclosure of expert witnesses by the Defendants and reports thereof pursuant to Rule 26(a)(2) shall be due by November 15, 2025.

4. Plaintiff should be allowed until July 1, 2025, to join additional parties or amend the pleadings.

5. Defendants should be allowed until July 30, 2025, to join additional parties or amend the pleadings.

5

6. All dispositive motionsshall be filed by February 15, 2026.

7. The Parties request a pretrial conference date 14 days before the date set for trial.

8. Trial date: the Parties request that the date for trial be set by the Court after dispositive motions are filed by the Parties and ruled upon by the court. A jury trial has been demanded.

D. Settlement:

1. Settlement prospects are unknown at this time.

2. Mediation must be completed by November 1, 2025.

E. Except for non-dispositive motions and discovery motions, the parties do not consent to submission of this matter to a magistrate judge.

F. The Parties do not request a Fed. R. Civ. P Rule 16(b) pretrial conference in this case, prior to the entry by the court of its case management order.

G. *Pretrial Disclosures; Objections.* Unless the court orders otherwise, pretrial disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file any objections under Rule 32(a) to the use of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii).

H. Other Items: At this time, the Parties estimate that this case will take four to five days to try.

Respectfully submitted this 12th day of June, 2025.

| | |
|---|---|
| **JEFF JACKSON**<br>**Attorney General**<br><br>/s/Jeremy D. Lindsley<br>Jeremy D. Lindsley<br>State Bar No. 26235<br>Assistant Attorney General<br>jlindsley@ncdoj.gov<br><br><br>NC Department of Justice<br>PO Box 629<br>Raleigh, NC 27602<br>Tel: 919.716.6920<br>Fax: 919.716.6764<br>*Attorneys for Defendants* | **HKM Employment Attorneys LLP**<br><br>s/Artur Davis Artur Davis<br>(admitted upon special appearance)<br>(admitted in Alabama)<br>ASB-3672-D56A 2024 3rd Ave. North<br>Suite 212<br>Birmingham, AL 35203 205-881-0935<br>adavis@hkm.com<br><br>s/Sunny Panyanouvong-Rubeck<br>P. Sunny Panyanouvong-Rubeck<br>N.C. Bar No. 39966<br>3623 Latrobe Drive<br>Unit 122<br>Charlotte, NC 28211<br>980-300-6630<br>980-734-3851 (fax)<br>spanyanouvong-rubeck@hkm.com<br>*Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Joint Rule 26(f) Report with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.

This the 12th day of June, 2025.

/s/ Jeremy D. Lindsley
Jeremy D. Lindsley
