IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LARRY CHAVIS,<br><br>    Plaintiff,<br><br>V.<br><br>THE UNIVERSITY OF NORTH CAROLINA-CHAPEL HILL and MARY MARGARET FRANK, in her Individual Capacity,<br><br>    Defendant. | CIVIL ACTION NO: 1:24-CV-00805 |

**JOINT CONFIDENTIALITY PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect information entitled to be kept confidential, comply with all applicable state and federal laws, and ensure protection to materials so entitled, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), hereby ORDERED as follows:

**I.**    **Material Governed**

This Order shall govern all discovery material produced or disclosed in the litigation including: (i) documents (which shall have the broadest possible meaning and include information memorialized in any way, including paper or electronic format); (ii) electronic data and information; (iii) electronic and paper photographs and videos; (iv) responses to interrogatories; (v) responses to requests for production of documents; (vi) deposition transcripts and exhibits; (vii) answers to deposition questions; (viii) responses to requests

for admissions; (ix) affidavits and declarations; (x) information sought or produced under subpoena; (xi) and such other materials and information as the Parties or other persons or entities may produce during the course of discovery herein.

## II. Designation of Confidential Information

### A. Confidential Information

"Confidential Information" is any information or document designated in writing by a Party as "Confidential," or which bears the legend or is noted as "Confidential" to signify that it contains information believed to be subject to protection under the North Carolina Human Resources Act, N.C. Gen. Stat. § 126-22 *et seq.*; N.C. Gen. Stat. § 143-748; N.C. Gen. Stat. §§ 8-53, 8-53.3, and/or 122C-52; the North Carolina Public Records law, N.C. Gen. Stat. § 132-1 *et seq.*; Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and Federal Rule of Civil Procedure 26(c).

For purposes of this Order, the term "document" means all written, stored, recorded, or graphic material, whether produced or created by a Party or another person, whether produced pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"), subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for production of documents, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that "summarize" and/or that contain materials entitled to protection may be accorded "confidential" status, but, to the extent feasible, shall be prepared in such a manner that the confidential information is segregated from that not entitled to protection.

B.  **Attorney's Eyes-Only Confidential Information**

"Attorney's Eyes Only Confidential Information" ("AEO Information"): is any of the documents or information designated in writing by a Party as "AEO," or "Attorney's Eyes Only," or which bears the legend or is noted as "AEO" or "Attorney's Eyes Only" to signify that it is Confidential Information as described in paragraph II.A. that is deemed highly sensitive such that the release of the information would potentially cause harm to a party or other person(s) and, therefore, warrant a higher degree of protection. Documents or information identified as AEO may only be viewed by the attorney for the party receiving the information, but not the party or any other individual, and may not be disclosed to any person or used in any manner without the written consent of the producing party, or other person originally designating information or a document as AEO.

III. <u>**Nondisclosure of Confidential Information**</u>

Except with the prior written consent of the Party or other person originally designating information or a document as Confidential or AEO Information, or as hereinafter provided under this Order, no Confidential or AEO Information obtained through discovery may be disclosed to any person.

A.  **Permitted Disclosure of Confidential Information**

Notwithstanding the preceding paragraph, Confidential Information, but not AEO Information, may be disclosed to any Party to this action; to counsel for the Parties; to the partners, associates, secretaries, paralegals, assistants, and employees of such attorney to

3

the extent reasonably necessary to render professional services to the Party; and to court officials involved in this litigation (including mediators and court reporters and persons operating video recording equipment at depositions). Subject to the provisions of this paragraph, such Confidential Information may also be disclosed to:

1. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

2. Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

3. Employees of Parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

4. Expert witnesses retained by the Parties as consultants and to testify at trial, to the extent reasonably necessary to prepare for trial, expert reports or depositions; and

5. Employees of Third-Party contractors performing one or more of these functions.

Prior to any disclosure to any person described in this Section, the individual to whom disclosure is to be made must have signed the Third-Party Endorsement of Agreed Confidentiality Order attached hereto as **Exhibit A**, such form to be retained by counsel for the disclosing party.

Before disclosing Confidential Information to any person or entity not listed or described above, a Party who wishes to make such disclosure shall either (1) obtain the written consent of the Party or person who designated the information as confidential to disclose the information to the unlisted individual; or (2) move the Court for permission to do so on such terms and conditions as the Court may order.

**B.     Disclosure of AEO Information**

Information designated as AEO may not be disclosed to any person other than the attorney receiving the AEO Information except:

1. With the written consent of the party or person who designated the information as AEO; or

2. Upon such terms and conditions the Court may order after notice to the designating Party and the designating Party has an opportunity to be heard.

**C.     Declassification**

A Party (or aggrieved entity permitted by the Court to intervene for such purpose) may, within a reasonable time upon receiving documents or materials designated as Confidential or AEO Information, apply to the Court for a ruling that a document or information (or a category of documents or information) designated as Confidential or AEO Information is not entitled to such status or protection. The Party or other person that designated the document or information as Confidential or AEO Information shall be given notice of the application and an opportunity to respond. To maintain Confidential or AEO Information status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

**IV.    Confidential and AEO Information in Depositions**

**A.** A deponent may, during the deposition, be shown and examined about Confidential Information, but not AEO Information, if the deponent already knows of the Confidential Information, and if the provisions of Section III.A. are complied with. In the event a deponent noticed for a deposition fails or refuses to sign the form prescribed in

5

Section III.A., the Party noticing the deposition shall apply to the Court for an Order making the provisions of this Order binding on the deponent. The deponent shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them unless they sign the form prescribed in paragraph III.A. A deponent who is not a Party or a representative of a Party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially Confidential Information. A deponent may not, during the deposition, be shown or examined about AEO Information unless permitted under the provisions of paragraphs III.B or III.C. above.

**B.** Parties (and deponents) may, within thirty (30) days after the transcript of a deposition becomes available and after entry of this order, whichever is later, designate pages of the transcript (and exhibits thereto) as confidential. Confidential or AEO Information within the deposition transcript may be designated by underlining or highlighting the portions of the pages that are confidential and marking such pages with the following legend: for Confidential Information, "Confidential – Subject to Protection Pursuant to Court Order;" or for AEO Information, "AEO – Subject to Protection Pursuant to Court Order;" and serving copies of the marked pages on counsel for all other Parties. Any transcript designations will equally apply to any corresponding video recording. Entire transcripts may be so designated by giving notice of such designation in writing to counsel for all other Parties. Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Order.

**C.** A Party (or deponent) may also designate a portion of the deposition as Confidential (either Confidential or AEO Information) during the deposition by making a

statement on the record that identifies the testimony as Confidential or AEO Information. If no Party or deponent timely designates Confidential or AEO Information in a deposition or within the time allowed under this subsection, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

## V.     Retroactive Designation

The Parties (and deponents) may, within thirty (30) days of the entry by the Court of this Order, designate materials, including but not limited to interrogatory answers, responses to requests for production of documents, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that "summarize" and/or that contain materials entitled to protection under Sections II.A. or II.B. above by following the procedure set forth in this Order.

## VI.     Subpoena by Other Courts or Agencies

If another court or an administrative agency subpoenas or orders production of Confidential or AEO Information which a Party or other person has obtained under the terms of this Order, such Party or person shall promptly notify the Party or other person who designated the information as Confidential or AEO of the pendency of such subpoena or order, unless prohibited by law. Such notification shall take place as soon as practicable and in advance of the date on which the Confidential or AEO Information is sought, and in sufficient time for the designating Party to object to or move to quash the subpoena or order.

**VII.     Use Restrictions**

Any party receiving Confidential or AEO Information shall use the information only for preparation and trial of this litigation (including appeals and retrials) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. The receiving Party is prohibited from any use of information protected under this Order that is calculated to interfere with, disrupt, or undermine the business or financial arrangements or plans of the disclosing Party.

**VIII.    Filing with the Court**

No Party or other person shall file any materials that are marked Confidential or AEO with the Court unless filing those materials is relevant to an issue before the Court. If a party desires to file such materials marked Confidential with the Court or to reference or quote Confidential Information in any filing, its counsel shall comply with provisions set forth in the Middle District of North Carolina, Local Rule 5.4, for filings under seal.

**IX.     In-Court Use of Confidential Information**

If information marked Confidential under this Order will or may be offered in evidence at a hearing or trial, then the Offering Party must give at least ten (10) days advance notice to the Producing Party that produced and marked the document or information Confidential before offering the information so that the Court may address any use or disclosure in accordance with its Case Management Order or other pre-trial order, or by a motion *in limine*. Nothing in this Order shall be construed as a waiver by a party of any objections as to the admissibility at trial of any evidentiary materials.

## X. Non-Termination

The provisions of this Order shall not terminate at the conclusion of this action. Within one hundred twenty (120) days after the final conclusion of all aspects of this litigation, including any and all possible appeals, Confidential and AEO Information and all copies of same (other than exhibits of record and documents required by law to be retained by a Party or person) shall be returned to the Party or person which produced such information or, at the option of the producing Party or person (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the Confidential and/or AEO Information no more than one hundred twenty (120) days after the final conclusion of this litigation. Attorneys for the Parties may retain copies of Confidential Information as necessary to comply with the applicable Rules of Professional Conduct.

## XI. Modification Permitted

Nothing in this Order shall prevent any Party or other person from seeking modification of this Order, contesting the designation of information or documents as Confidential or AEO Information, or from objecting to discovery that it believes to be otherwise improper.

## XII. Student Information

Prior to the production of any information or materials constituting or containing information protected by FERPA, Defendant UNC Chapel Hill shall take steps to provide the notice required by FERPA and its implementing regulations to students. Any such information and materials produced in this action after appropriate notice has been

9

provided shall be used for the sole purpose of litigating this action and shall not be used or disclosed, directly or indirectly, for any other purpose whatsoever.

## XIII. Responsibility of Parties

The attorneys of record and Parties are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential or AEO Information. Parties shall not duplicate any confidential documents except working copies and for filing in Court under seal.

## XIV. Waiver

A. Review of Confidential or AEO Information by counsel, experts, or consultants for the Parties in this litigation shall not waive the confidentiality of information and documents or objections to production.

B. The inadvertent, unintentional, or *in camera* disclosure of Confidential or AEO Information shall not, under any circumstances, be deemed as a waiver, in whole or in part, of any Party's claims of confidentiality.

## XV. Claw-Back Requests

### A. Failure to mark Confidential

If at any time a party or non-party discovers that it produced or disclosed confidential or AEO information without marking it as such, the Producing Party shall promptly notify the Receiving Party and mark such documents or information Confidential or AEO as required hereunder (the claw-back notification). Upon receipt of such notification from the Producing Party, the Receiving Party will acknowledge the destruction of the documents at issue. Within 30 days of receiving the claw-back

notification, the Receiving Party must certify to the Producing Party or person that it has received or marked the item as Confidential or AEO and destroyed all unmarked copies that it received, made, and/or distributed.

### B. Inadvertent Production of Privileged Information

If at any time a Party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, word-product, or trial-preparation privileges, it must promptly notify each receiving Party of the claim of protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the Producing Party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. The Parties must also comply with the Pretrial Order and Case Management Plan before seeking Court intervention to resolve any related dispute.

## XVI. Non-Relevant Confidential Information

Before producing discovery material, the Producing Party may redact Confidential information that does not involve or reasonably relate to the Parties, claims, or defenses herein. Any discovery material that is redacted shall have "REDACTED" stamped on each page from which Confidential information has been redacted. If redactions are made, the disclosing person shall produce a redaction log simultaneously with the redactions describing the nature of the redacted, non-relevant Confidential information, which shall include: (i) a description of the creator(s), sender(s), and/or receiver(s) of the document;

(ii) the subject of the document: (iii) date and time it was created; (iv) a description of the contents of the redaction; and (v) the basis for the redaction.

**XVII.     Reservation of Rights**

Nothing contained in this Consent Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged authenticity, relevancy, admissibility, or discoverability of the Confidential or AEO Information sought.

**XVIII.     Intent to be Court Order**

The Parties intend this Order to be and to be construed as, a court order expressly authorizing, subject to the procedures and protections set forth herein, the production of Confidential information: (i) containing or tending to reveal nonpublic personnel information subject to the protections of the North Carolina Human Resources Act, N.C. Gen. Stat. § 126-1 *et seq.*; (ii) constituting "internal audit work papers" subject to the protections of N.C. Gen. Stat. § 143-748; (iii) deemed confidential by, or exempted from, the North Carolina Public Records law, N.C. Gen. Stat. § 132-1 *et seq.*; (iv) constituting "personal information" under the North Carolina Identity Theft Protection Act of 2005; (v) constituting student "education records" under FERPA, 20 U.S.C. § 1232g, and its implementing regulations, 34 C.F.R. pt. 99; (vi) containing information protected by HIPAA, including but not limited to medical records of the patient; (vii) containing information protected by N.C. Gen. Stat. §§ 8-53, 8-53.3, and/or 122C-52; and (viii) otherwise protected from public disclosure by an applicable law, regulation, protective order, or nondisclosure agreement. This provision, however, does not prejudice the right

of any Party to contest the alleged authenticity, relevancy, admissibility, or discoverability of the Confidential or AEO Information sought.

This the 27th day of June, 2025.

                                                  /s/  Joe L. Webster
                                          United States Magistrate Judge

**WE CONSENT:**

| **HKM Employment Attorneys LLP**<br><br>/s/Artur G. Davis<br>Artur G. Davis<br>(admitted upon special appearance)<br>(admitted in Alabama)<br>ASB-3672-D56A 2024 3rd Ave. North Suite 212<br>Birmingham, AL 35203 205-881-0935<br>adavis@hkm.com<br><br>/s/P. Sunny Panyanouvong-Rubek<br>P. Sunny Panyanouvong-Rubek<br>N.C. Bar No. 39966<br>3623 Latrobe Drive<br>Unit 122<br>Charlotte, NC 28211<br>980-300-6630<br>980-734-3851 (fax)<br>spanyanouvong-rubeck@hkm.com<br>*Attorneys for Plaintiff* | JEFF JACKSON<br>Attorney General<br><br>/s/Jeremy D. Lindsley<br>Jeremy D. Lindsley<br>Assistant Attorney General<br>N.C. Bar No. 26235<br>North Carolina Department of Justice<br>114 W. Edenton St.<br>Raleigh, N.C. 27603<br>Tel: (919) 716-6815<br>E-mail: jlindsley@ncdoj.gov<br>*Attorney for the Defendants* |

**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LARRY CHAVIS,<br><br>    Plaintiff,<br><br>V.<br><br>THE UNIVERSITY OF NORTH CAROLINA-CHAPEL HILL and MARY MARGARET FRANK, in her Individual Capacity,<br><br>    Defendant. | CIVIL ACTION NO: 1:24-CV-00805 |

**THIRD-PARTY ENDORSEMENT OF PROTECTIVE ORDER**

    1.    Third-party _____, hereby (i) acknowledges the undersigned has read and understands the Consent Protective Order (the "Order") attached hereto; (ii) consents to the terms and conditions of the Order, as entered by the Court; (iii) consents to the jurisdiction of the Court for purposes of enforcing the terms of the Order; and (iv) understands that unauthorized disclosures of the Confidential Information constitute Contempt of Court.

    2.    By executing this Third-Party Endorsement, the third party agrees to abide by the terms and conditions of the Order.

15

3. The terms used in this Third-Party Endorsement have the same meanings as set forth in the Order.

Name/Organization: _____
Street Address: _____
City, State, Zip: _____
Telephone: _____
Facsimile: _____
Counsel for Third Party: _____
Dated: _____

Signature: _____