IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| LARRY CHAVIS, | ) | Civil Action No. 1:24-cv-00805 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNIVERSITY OF NORTH | ) | |
| CAROLINA-CHAPEL HILL and MARY | ) | |
| MARGARET FRANK, in her Individual | ) | |
| Capacity, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**PLAINTIFF'S OBJECTIONS, ANSWERS, AND RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES**

---

Plaintiff, Larry Chavis, hereby submits his Objections and Answers to Defendants'

First Set of Interrogatories. Plaintiff reserves the right to supplement and/or amend these

objections and responses as needed. Plaintiff responds as follows:

**PRELIMINARY STATEMENT**

A.  The following responses are based upon information presently available to Plaintiff.  Said

responses are made without prejudice to Plaintiff's right to utilize subsequently

discovered facts.

1

EXHIBIT L

B. No incidental or implied admissions of fact by Plaintiff are made by the responses below. The fact that Plaintiff has responded to part or all of any interrogatory is not intended to, and shall not be, construed as a waiver by Plaintiff of all or any part of any objection to any interrogatory made to Plaintiff.

C. This Preliminary Statement is incorporated into each of the responses set forth below.

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendants' Interrogatories to the extent they seek information and materials which were prepared by or at the direction of his attorneys, which were prepared in anticipation of litigation or preparation for trial by Plaintiff or Plaintiff's representatives (including his attorneys, consultants, or agents), or which reflect the impressions, conclusions, opinions, or legal research of its counsel or confidential communications between Plaintiff and his counsel in this matter. Such materials are protected from discovery under the attorney-client privilege or work product doctrine and pursuant to Rule 26(b) of the Federal Rules of Civil Procedure. To the extent Defendants' Interrogatories ask for such information, it will not be provided.

2. Plaintiff objects to each and every Interrogatory to the extent it, whether standing alone or taken in conjunction with any and all other Interrogatories, is calculated, or would operate, to annoy, embarrass, oppress, unduly burden or unduly cause expense to Plaintiff, or would be unduly vexatious or burdensome to respond to, on the grounds that said Interrogatory exceeds the permissible scope of discovery.

3. Plaintiff objects to each and every Interrogatory to the extent it requires Plaintiff to respond by acquiring or providing information that would be irrelevant to

2

the subject matter or issues of this action, or that the information requested is not proportional to the needs of this case, or is not reasonably calculated to lead to the discovery of admissible evidence, on the grounds that said Interrogatory exceeds the permissible scope of discovery.

4.     Plaintiff objects to the definitions section of Defendants' Interrogatories to the extent they impose obligations or requirements that exceed those imposed by the Federal Rules of Civil Procedure or any other applicable discovery rule or law.

5.     Plaintiff objects to the phrases "each" and "all" on the basis that these terms are overly broad, unduly burdensome, and seek to impose obligations beyond the requirements of the Federal Rules of Civil Procedure or other applicable laws or rules. Responding to such an interrogatory would require Plaintiff to conduct an unreasonable investigation and would subject Plaintiff to unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

6.     To the extent the interrogatories seek information from all of Plaintiff's sources, they seek information from sources that are not reasonably accessible and Plaintiff objects to preserving, searching for, collecting, or producing all information from such sources. Plaintiff objects to these interrogatories to the extent they purport to require Plaintiff to search all, or each and every, of its computer systems and applications and produce all of the data from each computer system and application.

7.     The General Objections above are incorporated in each response below as though fully set forth therein.

Subject to the foregoing, Plaintiff responds as follows:

3

## INTERROGATORIES:

1. Identify each and every individual whom you believe has information pertaining to the allegations in your Second Amended Complaint and summarize the content of the information known to him or her as you understand it. For each individual identified, provide that individual's full name and address if no longer employed at UNC-CH or KFBS.

RESPONSE: Plaintiff objects to this interrogatory on the basis that it is unduly burdensome and requires plaintiff to provide duplicitous information already provided to Defendant. Subject to and without waiving objections, Plaintiff believes the following individuals may have information pertaining to the allegations:

A. **Larry Chavis:** Plaintiff may be reached through Plaintiff's lead counsel, c/o HKM Employment Attorneys, LLP, 3623 Latrobe Drive, Unit 122, Charlotte, NC 28211. Plaintiff has discoverable information regarding the allegations in this cause of action and his damages as identified in the Second Amended Complaint.

B. **Douglas Shackelford:** Mr. Shackelford was Dean of Keenan-Flagler Business School from 2014 to 2022. Mr. Shackelford may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding Plaintiff's candidacy for an Associate Dean's role, the terms of Plaintiff's employment including Plaintiff's work performance, and the University of North Carolina - Chapel Hill's policies and practices.

C. **Kevin Guskiewicz:** Mr. Guskiewicz was Defendant's Chancellor of UNC-Chapel Hill. Mr. Guskiewicz may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding Plaintiff's complaint regarding his mistreatment at Keenan-Flagler, the terms of Plaintiff's employment including Plaintiff's work performance, and the University of North Carolina - Chapel Hill's policies and practices.

D. **Shimul Melwani:** Mr. Melwani is Associate Dean of Undergraduate Business Program. Mr. Melwani may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding Plaintiff's application for the position of Assistant Dean of the Undergraduate Business Department and the University of North Carolina - Chapel Hill's policies and practices.

4

E. **Christopher Lundblad:**  Mr. Lundblad is a Senior Associate Dean. Mr. Lundblad may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding admonishing Plaintiff for his actions, the internal academic conduct review, classroom recordings, the terms of Plaintiff's employment including Plaintiff's work performance, and the University of North Carolina - Chapel Hill's policies and practices.

F. **Badley Staats:**  Mr. Staats is a Senior Associate Dean. Mr. Staats may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding admonishing Plaintiff for his actions, the terms of Plaintiff's employment including Plaintiff's work performance, and the University of North Carolina - Chapel Hill's policies and practices.

G. **Dave Hofmann:**  Mr. Hofmann is a Senior Associate Dean. Mr. Hofmann may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding the terms of Plaintiff's employment and the University of North Carolina - Chapel Hill's policies and practice.

H. **Mary Margaret Frank:**  Ms. Frank is Dean and Professor of Accounting. Ms. Frank may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding Plaintiff's termination, the terms of Plaintiff's employment including Plaintiff's work performance, and the University of North Carolina - Chapel Hill's policies and practices, and Plaintiff's request for reasonable accommodations.

I. **Ramona Denby-Brinson:**  Ms. Denby-Brinson is Dean of the University of North Carolina at Chapel Hill of Social Work. Ms. Denby-Brinson may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding her own findings in reviewing the EOC report.

J. **Judy Tisdale:**  Ms. Tisdale was the head of the committee responsible for evaluating teaching professors for multiple-year contracts. Ms. Tisdale may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding Plaintiff's multi-year contract.

K. **Jordan Hale:**  Mr. Hale is Assistant Dean of the Undergraduate Business Program. Mr. Hale may have knowledge related to the allegations contained in

5

Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding his participation with the EOC investigation.

L. **Anna Millar:** Ms. Millar was Assistant Dean of the Undergraduate Business Program before Mr. Hale. Ms. Millar may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding her experience and qualifications to being an associate dean.

M. **Jessica McAllister:** Ms. McAllister is Assistant Dean of HR at Keenan-Flagler. Ms. McAllister may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to being copied on emails pertaining to the end of Plaintiff's employment.

N. **Christopher Clemens:** Mr. Clemens was Provost from 2021 until approximately May 16, 2025. Mr. Clemens may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding his participation with the EOC investigation.

O. **Lachona Thompson:** Ms. Thompson is Associate Provost for Faculty Affairs. Ms. Thompson may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding his participation with the EOC investigation.

P. **Angel Gray:** Ms. Gray is Director of Threat Assessment and Management. Ms. Gray may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding Plaintiff's teaching evaluation.

Q. **Elizabeth Hall:** Ms. Hall is Associate Vice Chancellor/Title IX Coordinator. Ms. Hall may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding the EOC report.

R. **Amy Holway:** Ms. Holway is a Report & Response Manager. Ms. Holway may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding the EOC report.

S. **Jeremy Enlow:** Mr. Enlow is an Equal Opportunity and Compliance Investigator. Mr. Enlow may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited

6

to the circumstances surrounding the EOC report.

T. **Jaclyn Feeney:** Ms. Feeney is an Equal Opportunity and Compliance Investigator. Ms. Feeney may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to the circumstances surrounding the EOC report.

U. **Christopher Stephens, LCSW:** 1201 Raleigh Road, Suite 202, Chapel Hill, NC 27517, (919) 619-6418, Dr. Stephens is a therapist. He may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to Plaintiff's medical care and treatment.

V. **Imad Khan, D.O.:** 100 Europa Drive, Suite 260, Chapel Hill, NC 27517, (919) 929-1227, Dr. Kham is a psychiatrist at HRC Behavioral Health & Psychiatry, PA. He may have knowledge related to the allegations contained in Plaintiff's Second Amended Complaint, including but not limited to Plaintiff's medical care and treatment.


2.     Identify each individual at UNC-CH and KFBS (former or current employee) with whom you have communicated regarding the allegations in your Second Amended Complaint, other than legal counsel, and including but not limited to the substance of each such communication; and the response received from each individual. For each individual identified, provide that individual's full name and address if no longer employed at UNC-CH and KFBS.

RESPONSE: Plaintiff objects to this interrogatory on the basis that it is overly broad and unduly burdensome, and likely to lead to the disclosure of privileged information. Subject to and without waiving objections, Plaintiff states the following and reserves the right to supplement this response:

A. **Mary Todd Frank:** Plaintiff spoke with Dean Frank in person regarding the events on one occasion and sent her an email on one occasion regarding his complaints. Plaintiff cannot recall the exact substance of these communications, nor can he recall the responses he received, if any.

B. **Dave Hoffman:** Plaintiff spoke to Mr. Hoffman regarding the lack of promotions and lack of increase in salary. Mr. Hoffman's response was to promise to speak with Plaintiff's department chair in order to secure Plaintiff a lighter teaching load and a restart of Plaintiff's research.

C. **Shimul Melwani:** Plaintiff communicated with Ms. Melwani after he applied to be the assistant dean of the undergraduate business program at UNC-CH and

7

Case 1:24-cv-00805-CCE-JGM     Document 49-12     Filed 03/16/26     Page 7 of 22

was rejected. Plaintiff texted Ms. Melwani about not receiving this promotion. Ms. Melwani's responded to Plaintiff's concerns by stating, "we see what you post on LinkedIn" and "Why are you still complaining about old things?"

D. **<u>Christopher Bingham</u>:** Plaintiff communicated about his concerns with Mr. Bingham when Bingham participated in Plaintiff's annual review with Bradley Staats and Christian Lundbled.

E. **<u>Christian Lundbled</u>:** Plaintiff communicated with Mr. Lundbled about his concerns during annual review in 2023 and when Plaintiff emailed Mr. Lundbled about his concerns, specifically his lack of promotion and lack of increase in salary. Plaintiff also spoke with Mr. Lundbled about student evaluations. Plaintiff spoke with Lundbled about his comments about mascots depicting native Americans.

F. **<u>Bradley Staats</u>:** Plaintiff communicated with Mr. Staats via email regarding his concerns. Mr. Staats was also present in teaching evaluations along with Mr. Lundbled. Mr. Staats was also present when Plaintiff met with Mr. Lundbled regarding native American mascots.

G. **<u>Doug Shackelford</u>:** Plaintiff spoke with Mr. Shackelford regarding Plaintiff's lack of promotions. Mr. Shackelford's response was to tell Plaintiff he "had a reputation for ranting." Mr. Shackelford also told Plaintiff that he should "apply to UNC-Pembroke" and that Plaintiff "Would be a good fit for the UNC American Indian Center."

3. For each recording produced in response to Request for Production number 4, state the date of said recording, the identity of individual(s) being recorded, the manner of said recording, the device on which said statement/conversation was recorded, whether said device still exists (and if the device does not exist, when it ceased to exist), where the recording is currently maintained or stored, and whether any such recording has been manipulated or changed in any way from its original format.

ANSWER: Plaintiff refers Defendants to response to Request for Production number 4.

4. Describe in detail all acts of UNC-CH or KFBS (including their agents, officials, employees, and any other named Defendant) which you contend demonstrate an intent by any such entity or individual to discriminate against you on the basis of race, ethnicity or national origin; stating for each the names of all individuals who you contend engaged in said conduct, the specific dates of said conduct, and a summary of the said individual's alleged discriminatory conduct.

8

ANSWER: Plaintiff objects to this interrogatory on the basis that it is unduly burdensome. Subject to and without waiving objections, Plaintiff refers Defendants to the allegations contained in the Complaint of this matter which more fully sets out the instances giving rise to Plaintiff's claims, Plaintiff reserves the right to supplement this response, and states the following:

    A. **<u>Mary Margaret Frank</u>:** Discriminated against Plaintiff when she refused to renew his contract and thus effectively terminated him.

    B. **<u>Wayne Landsman</u>:** Made a racially discriminatory remark to Plaintiff, stating that Plaintiff was "nominally native American." Mr. Landsman was a professor in the KFBS at the time and was also chair of the committee that oversaw promotions within the school.

    C. **<u>Christopher Lundbled</u>:** Mr. Lundbled discriminated against Plaintiff when he chastised him for teaching about Indigenous issues in class.

    D. **<u>Bradley Statats:</u>** Mr. Staats discriminated Plaintiff when he chastised him for teaching about Indigenous issues in class.

    E. **<u>Doug Shackelford</u>:** Mr. Shackelford discriminated against Plaintiff when he made racially charged comments that Plaintiff should go to UNC-Pembroke.

    F. **<u>Shimul Melwani</u>:** Ms. Melwani discriminated against Plaintiff in terms of promotions and when handling Plaintiff's complaints.

5.     Describe in detail each way in which you contend UNC-CH or KFBS (including their agents, officials, employees and any other named Defendant) engaged in retaliatory conduct, including the names of all individuals who you contend engaged in said conduct, the specific dates of said conduct, and a summary of each entity's or individual's alleged conduct.

ANSWER: Plaintiff objects to this interrogatory to the extent that it requires him to reach a legal conclusion. Subject to and without waiving objections, Plaintiff refers Defendants to the allegations contained in the Complaint of this matter which more fully sets out the instances giving rise to Plaintiff's claims and states the following:

Plaintiff states that Mary Margaret Frank retaliated against him when she refused to renew his contract, effectively terminating Plaintiff. KFBS administration also retaliated against Plaintiff when they recorded his class without his permission. Plaintiff reserves the right to supplement this response.

6.     State specifically all ways in which you contend UNC-CH or KFBS

9

(including their agents, officials, employees and any other named Defendant) treated other non-tenured faculty outside of your protected classes more favorably as asserted in the Second Amended Complaint, including the names of said faculty members.

ANSWER: Plaintiff objects to this interrogatory to the extent that it requires him to reach a legal conclusion. Subject to and without waiving objections, Plaintiff refers Defendants to the allegations contained in the Complaint of this matter which more fully sets out the instances giving rise to Plaintiff's claims and the additional information as follows:

KFBS treated those outside Plaintiff's protected class better than Plaintiff in terms that include but not limited to promotions, pay increases, and employee discipline. Plaintiff reserves the right to supplement this response.

7. Identify all alleged "similarly-situated" faculty members who form the basis for your discrimination claim; stating, specifically, for each faculty member, how and when you were treated less favorably than them.

ANSWER: Plaintiff objects to this interrogatory to the extent that it requires him to reach a legal conclusion. Subject to and without waiving objections, Plaintiff states that Chip Snively, a fellow non-tenured professor at KFBS was not disciplined with termination after he engaged in instances of questionable classroom comments. Plaintiff also states that Arvind Malhotra and Jeffrey Edwards engaged in inappropriate activity and were not terminated. Plaintiff reserves the right to supplement this response.

8. Describe in detail the "protected activity" which you contend you engaged in which supports your retaliation claims. For each activity, state the specific date of the activity, the identity of all individuals involved in the activity, and a summary of the activity.

ANSWER: Plaintiff objects to this interrogatory to the extent that it requires him to reach a legal conclusion. Subject to and without waiving objections, Plaintiff refers Defendants to the allegations contained in the Complaint of this matter which more fully sets out the instances giving rise to Plaintiff's claims and the additional information as follows:

Defendant states that he engaged in protected activity when he sent an email to Dean Frank about the non-renewal of his contract, when he inquired with Christopher Lundbled and Bradley Staats about being protected from discrimination, when he complained to Wayne Landsman about being called "nominally native American," when he made reports to UNC's EOC Office and participated in the subsequent investigation, when he engaged in dialogue regarding students wearing apparel depicting native American mascots. Plaintiff reserves the right to supplement this

10

response.

9.     Identify and describe in detail all complaints/reports which you made, filed, or submitted to any person, office, or department regarding events or actions you content were discriminatory or retaliatory; stating for each the specific date the report/complaint was made, the manner in which the report/complaint was made, the identity of all individuals to whom the report/complaint was made, a summary of the complaint/report, and whether an investigation was initiated after said report/complaint.

ANSWER: Plaintiff refers Defendant to his response to Interrogatory No. 8.

10.     Describe your efforts to mitigate your alleged loss of income, wages, or other alleged damages including all employment (including self- employment) subsequent to May 30, 2024, and for each, identify the dates of employment, the job position that you held, the name of your supervisor, your income, and the specific reason why you left the employment. If you have been self-employed and/or a business owner at any time after May 30, 2024, state the date(s) of self-employment or ownership and the nature of the business, including a summary of your duties at each employment or business venture.

ANSWER: Plaintiff objects to this Interrogatory as unduly burdensome, overly broad, unlikely to lead to admissible evidence, and the information requested is not proportional to the needs of this case. As worded, this interrogatory is not reasonably calculated to lead to discovery of admissible evidence in this matter. The interrogatory is also compound and asks multiple questions, contains multiple subparts, and/or contains more than one area of inquiry. Without waiving said objections, Plaintiff provides the following answer to the best of his knowledge and recollection at this time.

A.     Colorado College
   a.  Position: Visiting Assistant Professor of Economics
   b.  Date Sent: ~June 21, 2024

B.     Savanah College of Art and Design
   a.  Position: Business Professor
   b.  Date Sent: ~June 30, 2024

C.     Mastercard
   a.  Position: Senior NAM Economist
   b.  Date Sent: ~July 1, 2024

D.     Savanah College of Art and Design
   a.  Position: Business Professor
   b.  Date Sent: ~June 30, 2024

11

E.  NC State University
    a.  Position: Economics Lecturer
    b.  Date Sent: ~July 16, 2024

F.  Savanah College of Art and Design
    a.  Position: Business Professor
    b.  Date Sent: ~June 30, 2024

G.  Richmond Federal Reserve
    a.  Position: Senior Economist
    b.  Date Sent: ~September 24, 2024

H.  Santa Fe Institute
    a.  Position: Executive Director
    b.  Date Sent: ~September 30, 2024

I.  NorthWest Education Access
    a.  Position: Executive Director
    b.  Date Sent: ~October 2, 2024

J.  Washington State Gambling Commission
    a.  Position: Deputy Director
    b.  Date Sent: ~October 4, 2024

K.  University of Minnesota, Twin Cities
    a.  Position: Open Rank Professor in American Indian and Indigenous Studies
    b.  Date Sent: ~October 15, 2024

L.  EarthCorps
    a.  Position: Executive Director
    b.  Date Sent: ~October 29, 2024

M.  Reed College
    a.  Position: Associate Professor of Economics
    b.  Date Sent: ~November 6, 2024

N.  North Carolina School of Science and Math
    a.  Position: Instructor of Mentorship and Research
    b.  Date Sent: ~November 8, 2024

O.  University of Colorado at Denver
    a.  Position: Assistant Professor of Economics

b. Date Sent: ~November 15, 2024

P.      Williams College
    a. Position: Advanced Assistant of Economics
    b. Date Sent: ~November 15, 2024

Q.      UMass Amherst
    a. Position: Assistant Professor of Economics
    b. Date Sent: ~November 15, 2024

R.      Wake Forest University
    a. Position: Assistant Professor of Economics
    b. Date Sent: ~November 15, 2024

S.      Wesleyan University
    a. Position: Assistant Professor of Economics
    b. Date Sent: ~November 25, 2024

T.      Saint Mary's College of California Wake Forest University
    a. Position: Assistant Professor of Economics
    b. Date Sent: ~November 26, 2024

U.      University of Alabama at Huntsville
    a. Position: Assistant Professor of Economics
    b. Date Sent: ~November 29, 2024

V.      University of Arkansas
    a. Position: Assistant Professor of Economics
    b. Date Sent: ~December 1, 2024

W.      Wellesley College
    a. Position: Advanced Assistant Professor of Economics
    b. Date Sent: ~December 3, 2024

X.      Union College
    a. Position: Assistant Professor of Economics
    b. Date Sent: ~December 3, 2024

Y.      Clemson University
    a. Position: Assistant Professor of Economics
    b. Date Sent: ~December 6, 2024

Z.      Loyola University Chicago

a. Position: Assistant Professor of Economics
b. Date Sent: ~December 10, 2024

AA.  Spelman College
a. Position: Assistant Professor of Economics
b. Date Sent: ~December 10, 2024

BB.  Colorado State University
a. Position: Assistant Professor Agricultural and Resource Economics
b. Date Sent: ~December 11, 2024

CC.  University of Maryland Global Campus
a. Position: Adjunct Faculty
b. Date Sent: ~December 12, 2024

DD.  University of Chicago
a. Position: Economics Instructor
b. Date Sent: ~December 13, 2024

EE.  University of Iowa – Tippie
a. Position: Instructional – Track Faculty
b. Date Sent: ~December 13, 2024

FF.  Montana State University
a. Position: Chair and Professor of Native American Studies
b. Date Sent: ~December 15, 2024

GG.  Native Nations Institute, University of Arizona
a. Position: Program Director
b. Date Sent: ~December 15, 2024

HH.  Cornell University
a. Position: Senior Lecturer
b. Date Sent: ~December 15, 2024

II.  Montclair State University
a. Position: Director of the New Jersey Center for Indigenous Justice
b. Date Sent: ~December 17, 2024

JJ.  UNC Pembroke
a. Position: American Indian Studies
b. Date Sent: ~January 20, 2025

14

KK.  University of North Carolina at Pembroke
    a. Position: Professor of American Indian Studies
    b. Date Sent: ~January 20, 2025

LL.  University of Montana
    a. Position: Assistant of Associate Professor of Management
    b. Date Sent: ~January 23, 2025

MM.  North Carolina A&T State University
    a. Position: Chair of the Department of Economics
    b. Date Sent: ~January 23, 2025

NN.  Wake Forest University
    a. Position: Visiting Assistant Professor of Economics
    b. Date Sent: ~March 15, 2025

OO.  Institute of American Indian Arts
    a. Position: Dean of Academic Affairs
    b. Date Sent: ~March 19, 2025

PP.  University of Melbourne
    a. Position: Associate Professor of Indigenous Business and Leadership
    b. Date Sent: ~March 22, 2025

QQ.  North Carolina Central University
    a. Position: Assistant Professor of Public Administration
    b. Date Sent: ~April 2, 2025

RR.  Institute of American Indian Arts
    a. Position: Dean of Student Affairs
    b. Date Sent: ~June 2, 2025

SS.  Pomona College
    a. Position: Visiting Assistant Professor of Economics
    b. Date Sent: ~June 11, 2025

TT.  University of Victoria
    a. Position: Vice President Indigenous
    b. Date Sent: ~July 15, 2025

UU.  Stanford Initiative for Financial Decision Making
    a. Position: Lecturer
    b. Date Sent: ~July 22, 2025

VV.   First Nations Development Institute
    a. Position: Senior Program Officer
    b. Date Sent: ~July 24, 2025

WW.   Hampton University
    a. Position: Associate Professor of Economics
    b. Date Sent: ~July 24, 2025

XX.   Rematriating Economies Apprenticeship Program 2025
    a. Position: Independent Consultant
    b. Date Sent: ~May 30, 2025
    c. Amount: $1,200.00

YY.   NIED's Minority Executive Education Institute
    a. Position: Independent Consultant
    b. Date Sent: ~March 27, 2025
    c. Amount: $1,000.00

ZZ.   Rematriating Economies Apprenticeship Program 2023
    a. Position: Independent Consultant
    b. Date Sent: ~April 9, 2023
    c. Amount: $4,000.00

11.   If you have ever filed a grievance or a discrimination or harassment complaint (formal or informal) against any other educational institution, employer, or fellow employee, state the date of the complaint, the individual or entity to whom you made the complaint, the individual(s) whose conduct you reported in the complaint, and a summary of the allegations against the subject of the complaint.

ANSWER: Plaintiff responds that he has not filed any other grievance or complaint.

12.   Please identify each and every claim, charge, or legal proceeding to which you have been a party, including but not limited to any claims of discrimination, personal injury, or workers' compensation. In responding to this Interrogatory, please identify the nature of the alleged claim or action, the parties involved, the date of the claim or action, and any resolution.

ANSWER: Plaintiff responds that he has not filed any other grievance or complaint.

13.   Describe with particularity all losses, damages, injuries, or economic and pecuniary losses you contend you suffered as a result of Defendants' alleged conduct, and for each

16

such loss, state the nature of each loss, the amount of each loss, your manner of computation for each loss, and how specifically you contend each loss resulted from Defendants' conduct.

ANSWER: Plaintiff objects to this Interrogatory on the grounds that it exceeds the scope of the Federal Rules of Civil Procedure in its requests that Plaintiff estimate pre- trial the value of his compensatory damages. Subject to and without waiving said objection, Plaintiff refers Defendants to the allegations contained in the Complaint. Further, Plaintiff seeks lost wages based on the following calculations:

• Back Pay

- When terminated Plaintiff was making approximately $217,035 per year. Plaintiff additionally earned approximately $20,000 per year for content he provided for a course in the MBA@UNC program.
- Upon termination Plaintiff lost the opportunity to earn above his salary with extra teaching and administrative assignments.
- Plaintiff has lost the opportunity to contribute 6% of his gross earnings to his 401(k) and the state contributed ~6.84%.
- Plaintiff lost approximately $674.00 per month that was paid by the Universality for health insurance.
- Plaintiff lost the opportunity to have the University contribute ~7.2% of his gross earnings for the first $272,000.00 of earnings to his retirement disability and medical insurance.
- Plaintiff has been unemployed for approximately 1 year.

14. Describe in detail the "emotional distress, mental anguish, embarrassment, and public humiliation," and other psychological and physical manifestations of such distress referenced in the Second Amended Complaint; including in your response the names of the providers who diagnosed you with any psychological distress, and/or physical manifestations of psychological distress, the dates of diagnosis, a detailed description of the diagnosis and how it impacts you, and all treatment (including dates) that you have undergone for said diagnosis.

ANSWER: Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of the Federal Rules of Civil Procedure in its requests that Plaintiff estimate pre-trial the value of his damages. Subject to and without waiving said objection, in addition to wages and benefits Plaintiff lost from his unlawful termination, Mr. Chavis has experienced substantial emotional distress and mental anguish, which can be directly attributed to his wrongful termination by the Defendants, stemming from discriminatory practices related to his report of discrimination on the basis of race, ethnicity or national origin. There is the social and psychological impact of this wrongful termination; Mr. Chavis endured public

humiliation and a profound loss of faith in future employment opportunities, which has further deepened his emotional distress. These points collectively support Mr. Chavis' claim for compensatory damages due to wrongful termination, highlighting the extensive emotional, physical, and economic damages suffered by Mr. Chavis as a direct result of Defendant's discriminatory practices. Plaintiff has received medical treatment and reserves the right to supplement this response.

15.     State all health problems or conditions, including any mental health conditions, of which you currently suffer and/or have suffered in the past twelve years. For each problem or condition, state the nature of the problem, the identity of all healthcare providers, including counselors, therapists, psychologists, or psychiatrists, who have provided treatment to you for said problem, and the dates and nature of the treatment provided.

ANSWER: Plaintiff objects to this Interrogatory as unduly burdensome, overly broad, unlikely to lead to admissible evidence, and the information requested is not proportional to the needs of this case. As worded, this interrogatory is not reasonably calculated to lead to discovery of admissible evidence in this matter. Without waiving said objections, Plaintiff identifies his healthcare providers related to mental health conditions.

    (A)    **Imad Khad, D.O.**
        2022 to present
        https://www.hrc-pa.com/provider/khan/
        HRC Behavioral Health & Psychiatry
        (919) 929-1227
        100 Europa Drive, Suite 260
        Chapel Hill, NC 27517
        Talk Therapy and Medication Management
        Treated Anxiety, ADHD

    (B)    **Roger Perilstein, M.D.**
        December 2018 to 2021
        Retired
        HRC Behavioral Health & Psychiatry
        (919) 929-1227
        100 Europa Drive, Suite 260
        Chapel Hill, NC 27517
        Talk Therapy and Medication Management
        Treated Anxiety, ADHD

    (C)    **Steve Mullinix, Ph.D.**
        Several years up until 2018
        Retired

HRC Behavioral Health & Psychiatry
(919) 929-1227
100 Europa Drive, Suite 260
Chapel Hill, NC 27517
Talk Therapy
Treated Anxiety, Anger Management

(D) **Christopher Stephens, LCSW**
2018 until present
1201 Raleigh Rd. Suite 202, Chapel Hill, NC 27517
(919) 619-6418
https://cspsychotherapy.com/
cspsychotherapy@gmail.com
Talk Therapy
ADHD, Anxiety

16. Identify each person you expect to call as an expert witness at trial and state the following as to each such person: the person's identity, including name, professional occupation, employer, business address, residence, address and business telephone number, the subject matter on which each such person is expected to testify, and summary of the expert's opinions.

ANSWER: Objection. This interrogatory seeks information that is protected by the attorney-client privilege and the work product privilege. Without waiving said objections, Plaintiff will disclose expert witnesses, if any, in accordance with the case schedule and the applicable civil rules regarding discovery related to expert witnesses. Plaintiff will state at this time no expert witness has been retained at this time.

This the 11th day August, 2025.

**HKM Employment Attorneys LLP**

*/s/Sunny Panyanouvong-Rubeck*
Sunny Panyanouvong-Rubeck
N.C. State Bar No.: 39966
3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
980-734-3851
spanyanouvong-rubeck@hkm.com

19

Artur Davis
ASB-3672-D56A
2024 3rd Avenue North, Suite 307
Birmingham, AL 35203
205-881-0935
adavis@hkm.com

*Attorneys for Plaintiff*

20

<u>**CERTIFICATE OF SERVICE**</u>

I certify that the forgoing PLAINTIFF'S OBJECTIONS, ANSWERS, AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES were served upon the following via email to:


Jeremy Lindsley
Assistant Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh NC 27602

jlindsley@ncdoj.gov

*Attorney for Defendants*


This the 11th day of August, 2025.


**HKM Employment Attorneys LLP**

*/s/Sunny Panyanouvong-Rubeck*

Sunny Panyanouvong-Rubeck
3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
980-734-3851
spanyanouvong-rubeck@hkm.com


21

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| LARRY CHAVIS, | ) | Civil Action No. 1:24-cv-00805 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNIVERSITY OF NORTH | ) | |
| CAROLINA-CHAPEL HILL and MARY | ) | |
| MARGARET FRANK, in her Individual | ) | |
| Capacity, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## VERIFICATION

---

I hereby declare under penalty of perjury that the facts stated in the PLAINTIFF'S

OBJECTIONS, ANSWERS, AND RESPONSES TO DEFENDANTS' FIRST SET OF

INTERROGATORIES are true and correct to the best of my knowledge, information, and

belief.

08 / 11 / 2025        _____

LARRY CHAVIS

Doc ID: 907706f094d0701e7ae52b9ab4d909b1a002d783